**IN THE 11ᵗʰ CIRCUIT COURT OF THE COUNTY OF ST. CHARLES**
**STATE OF MISSOURI**

| | |
|---|---|
| **ALPHONSO HEMMEAIN,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**HEARTLAND COCA-COLA** )<br>**BOTTLING COMPANY, LLC,** )<br>)<br>SERVE REGISTERED AGENT )<br>CT CORPORATION SYSTEM )<br>5661 Telegraph Rd, Ste 4B )<br>Saint Louis, MO 63129 )<br>)<br>Defendant. ) | Cause No.:<br><br>Division No.:<br><br>**DEMAND FOR JURY TRIAL** |

## <u>PETITION</u>

COMES NOW Plaintiff, by and through undersigned counsel, and for his Petition, states the following:

### STATEMENT OF THE CASE

1. Plaintiff, Alphonso Hemmeain ("Plaintiff"), was an employee of Defendant Heartland Coca-Cola Bottling Company, LLC, ("HCC"), who was subjected to retaliation for exercising his workers' compensation rights and in retaliation for reporting a perceived crime pursuant to the Missouri Whistleblower Protection Act.

2. This is an action brought to remedy, inter alia, Defendant's violations of Plaintiff's rights pursuant to the Missouri Workers' Compensation Law and Missouri Whistleblower Protection Act.

### PARTIES

3. Plaintiff is and was at all times relevant herein an individual residing in St. Louis County, State of Missouri

1

4. Defendant, HCC, is and was at all times relevant herein a high-quality beverage supplier doing business at a facility located at 3800 Mueller Rd, St. Charles, MO 63301.

5. At all relevant times, Plaintiff was employed by Defendant, HCC.

## JURISDICTION AND VENUE

6. Defendant HCC conducts continuous and systematic business in the County of St. Charles, State of Missouri.

7. On information and belief, Defendant HCC has in excess of 200 employees.

8. Plaintiff's causes of action arise out of conduct that took place in St. Charles County.

9. Venue is proper in St. Charles County pursuant to § 287.780 R.S.Mo., 285.575 R.S.Mo., and because Plaintiff's first injury occurred in St. Charles County.

10. This Honorable Court has jurisdiction pursuant to § 287.780 R.S.Mo. and 285.575 R.S.Mo.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. On or about October 13, 2024, Plaintiff was hired to work at HCC in their facility located at 3800 Mueller Rd, St. Charles, MO 63301 ("Facility").

12. During Plaintiff's training Plaintiff observed an employee bring a firearm to work which was kept in his backpack.

13. Not only is this a violation of HCC policy, but Plaintiff also reasonably believed it to be a violation of local and state law.

14. Plaintiff reported to his supervisor that an employee brought a weapon to work, but nothing was done.

15. On or about January 7, 2025, a coworker drove into Plaintiff with a forklift.

16. Plaintiff sustained injuries and reported the injuries to his manager.

17. On information and belief, the employee was not disciplined for the accident.

18. Plaintiff began to experience frequent and unfounded discipline.

19. On or about February 7, 2025, there was an incident at the Facility.

20. During Plaintiff's February 7, 2025 shift a number of employees became ill.

21. Plaintiff also became physically ill.

22. A number of employees including a human resources employee left because of illness.

23. Plaintiff reported his illness to his supervisor and requested to leave.

24. Plaintiff's supervisor told Plaintiff to stick around for the last bit of his shift even though he was physically ill.

25. On or about February 21, 2025, Plaintiff was terminated for allegedly stealing time.

26. Plaintiff denies he stole time from HCC.

## COUNT I

### (Workers' Compensation Retaliation)

27. Plaintiff restates and realleges paragraphs 1-26 of this Petition as if fully stated herein.

28. Defendant, HCC, was aware that Plaintiff had a work-related injury.

29. Defendant, HCC, was aware that Plaintiff was seeking medical treatment as a result of his work-related injury.

30. Plaintiff's workers' compensation claim, and his otherwise seeking benefits under the Missouri Workers' Compensation Law, was a motivating factor in Defendant, HCC's, constructive discharge of Plaintiff..

31. Defendant, HCC's, actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

32. As a direct and proximate result of Defendant, HCC's, wrongful acts, Plaintiff sustained injuries and damages. These include but are not limited to the following: past and future wage loss; past and future lost earning capacity; past and future loss of fringe benefits; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with the enjoyment of life; and emotional distress, all of which will continue into the future.

33. Missouri follows the "American Rule" that each party is to generally bear the expense of his or her own attorneys' fees absent special circumstances.

34. Intentional misconduct occurred in this case when Plaintiff was terminated in retaliation for exercising his workers' compensation rights.

35. Further, Defendant's intentional actions in terminating Plaintiff's employment created collateral litigation from the underlying workers' compensation claim.

36. Plaintiff has been forced to retain counsel and has incurred and/or contracted to incur attorneys' fees for the prosecution of his claims.

37. Equity demands a balance of the benefits.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, Heartland Coca-Cola Bottling Company, LLC, and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, interest, costs, and reasonable attorneys' fees; any other relief afforded Plaintiff under the law, and all other relief deemed just and equitable.

## COUNT II

### (Whistleblower's Protection Act)

38. Plaintiff restates and realleges paragraphs 1-26 of this Petition as if fully stated herein.

39. Plaintiff is a protected person as that term is defined by the Whistleblower's Protection Act, R.S.Mo. 285.575.

40. Plaintiff was an employee of Defendant, HCC, who reported a presumed unlawful act of his coworker.

41. Plaintiff's reporting "actually" played a role in the adverse decisions including Plaintiff's termination.

42. Defendant, HCC's, actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

43. As a direct and proximate result of Defendant, HCC's, wrongful acts, Plaintiff has sustained injuries and damages. These include but are not limited to past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with his enjoyment of life; and emotional distress, all of which will continue into the future.

WHEREFORE, Plaintiff respectfully prays for a trial by jury, and for judgment against Defendant, Heartland Coca-Cola Bottling Company, LLC, and that Plaintiff be awarded back pay, and an additional amount of liquidated damages that equals the compensatory damages, along with interest, costs, attorney's fees, and for all other relief the Court deems appropriate.

Respectfully submitted,

THE FURNISS LAW FIRM, LLC

/s/*Joshua G. Miller*
Ryan M. Furniss (MO #53787)
Joshua G. Miller (MO #67496)
1423 S. Big Bend Blvd
Saint Louis, MO 63117
(314) 899-9101
(314) 627-5891 (fax)
rfurniss@furnisslaw.com
jmiller@furnisslaw.com
Attorneys for Plaintiff