UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ALPHONSO HEMMEAIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   4:26 CV 553 RWS |
| | ) | |
| HEARTLAND COCA-COLA | ) | |
| BOTTLING COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on the Plaintiff Alphonso Hemmeain's Motion to Remand [13].  The Plaintiff initially filed a petition in the Circuit Court of St. Charles County, Missouri, on February 26, 2026.  In his petition, Hemmeain brought claims against Defendant Heartland Coca-Cola Bottling Company, LLC ("Heartland") under both the Missouri Workers' Compensation Law and Missouri Whistleblowers Protection Act.

### Background

On April 15, 2026, HCC removed this case to this Court asserting diversity jurisdiction under 28 U.S.C. § 1332.  In its Notice of Removal, Heartland maintains that complete diversity of citizenship exists between the parties and the amount in controversy in this matter exceeds the $75,000 jurisdictional requirement.  ECF. No. 1 at 2-3.  Additionally, Heartland asserts that the Court has

1

federal question jurisdiction over this case under 28 U.S.C § 1331.  Heartland argues that the resolution of Hemmeian's retaliatory discharge claim depends on an analysis of the collective bargaining agreement ("CBA") and is therefore pre-empted by § 301 of the Labor Relations Management Act ("LMRA"), 29 U.S.C. §185(a).  ECF. No. 1 at 4.  In his motion to remand, Hemmeain argues that Heartland fails to meet its burden for establishing diversity jurisdiction and that claims arising under state workers' compensation laws have been made non-removable by statute.  *See* ECF. No. 13 at 4 (citing 28 U.S.C. § 1445(c) ("A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.").  Further, Hemmeain asserts that Heartland fails to demonstrate that pre-emption under § 301 of the LMRA applies to give this Court federal question jurisdiction over this case. *Id.* at 4-9.  Finally, Hemmeain requests that I award attorney fees and costs pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal."  *Id.* at 12-13.

For the reasons set forth below, I will grant Hemmeain's motion to remand in part and deny it in part.  I find that subject matter jurisdiction is lacking and will grant Hemmeain's motion to the extent it requests I remand this matter in its

entirety to the Circuit Court of St. Charles, County, Missouri.  However, I will deny Hemmeain's motion to the extent it requests I award attorney fees and costs.

## **LEGAL STANDARD**

The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction.  *In re Business Men's Assurance Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993).  All doubts about federal jurisdiction must be resolved in favor of remand.  *Id.*  "A defendant may remove a civil action from state to federal court only if the action originally could have been filed in federal district court."  *Markham v. Wertin*, 861 F.3d 748, 753-754 (8th Cir. 2017) (citing 28 U.S.C. § 1441(a)).  Diversity jurisdiction exists in all civil actions in which there is "complete diversity of citizenship" and the amount in controversy exceeds $75,000.  *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619-20 (8th Cir. 2010) ("'Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship.'") (citation omitted).  "Absent diversity of citizenship, federal question jurisdiction is required."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

District courts have federal question jurisdiction "over cases 'arising under the Constitution, laws, or treaties of the United States.'"  *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1331).  Federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which

provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392.  "It is well settled that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption." *Markham*, 861 F.3d at 754 (internal quotation omitted).  "But the well-pleaded-complaint rule also has a corollary: the doctrine of complete preemption.  Some federal statutes completely preempt—and thereby 'wholly displace[]'—state law claims, so that a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Boldt v. N. States Power Co.*, 904 F.3d 586, 590 (8th Cir. 2018) (internal quotation omitted).  Complete preemption is "quite rare," and the Supreme Court has only recognized it in a few areas, including § 301 of the LMRA.  *Johnson v. MFA Petroleum Co.*, 701 F.3d 243, 248 (8th Cir. 2012) (citing *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557 (1968)).

## DISCUSSION

Federal question jurisdiction is lacking in this case because Heartland fails to demonstrate that Hemmeain's workers' compensation retaliation claim is completely pre-empted under § 301 of the LMRA.  Additionally, even if the requirements of diversity jurisdiction are met, Hemmeain's workers' compensation

4

claim is barred from removal by 28 U.S.C. § 1445(c) because it arises under "the workmen's compensation laws of [a] State."

Complete pre-emption under § 301 of the LMRA applies only to "claims founded directly on rights created by collective-bargaining agreements or claims substantially dependent on an analysis of them." *King v. United Parcel Serv., Inc.*, 152 F.4th 915, 920 (8th Cir. 2025) (internal quotations omitted). Hemmeain's workers' compensation retaliation claim is not founded directly on rights created by the CBA. As a result, complete pre-emption and thus federal question jurisdiction only exist if his claim "substantially depends on an analysis" of the CBA. *See id.* "A substantially dependent claim under the LMRA is one that 'require[s] the interpretation of some specific provision of' a collective bargaining agreement[.]" *Boldt*, 904 F.3d at 590 (citing *Meyer v. Schnucks Mkts., Inc.*, 163 F.3d 1048, 1051 (8th Cir. 1998)). "[I]f a state-law claim is 'inextricably intertwined with consideration of the terms of the labor contract,' it is preempted." *Markham*, 861 F.3d at 755 (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985) ("If the state tort law purports to define the meaning of the contract relationship, that law is preempted.")).

In its Answer to Hemmeain's Petition, Heartland states that Hemmeain's employment was terminated for "stealing time." *See* ECF. No. 11. Hemmeain's Petition denies that he "stole time" and alleges that his workers' compensation

5

claim, and his "otherwise seeking benefits under the Missouri Workers' Compensation Law, was a motivating factor" in Heartland's decision to terminate his employment. ECF. No. 5 at 3. Heartland argues that "whether Hemmeain's termination for time theft was proper necessitates legal interpretation into specific CBA provisions." ECF. No. 14 at 7. Heartland points to specific provisions in the CBA between Heartland and Teamsters Local Union No. 688, including a provision "classifying time theft as a Category C violation warranting immediate termination" of employment. *Id.* a 10. Heartland contends that whether time theft "was a valid just cause" for termination under the identified CBA provisions is a "core" legal question in this case. *Id.*

In determining whether § 301 pre-emption applies, the Supreme Court has distinguished factual from legal inquiries that depend on construing provisions of the CBA. *See Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 408 (1988) (analyzing a retaliatory discharge claim under a similar Illinois workers' compensation law). In *Lingle*, the Court determined that although "the state-law analysis might well involve attention to the same factual considerations as the contractual determination of whether [the plaintiff] was fired for just cause…we disagree…that such parallelism renders the state-law analysis dependent upon the contractual analysis." *Id.* "To defend against a retaliatory discharge claim, an employer must show that it had a nonretaliatory reason for the discharge; this

6

*purely factual inquiry* likewise does not turn on the meaning of any provision of a collective-bargaining agreement." *Id.* at 407 (internal citation omitted) (emphasis added). The Court held that "as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 pre-emption purposes." *Id.* at 410.

Here, I find that an analysis of Hemmeain's workers' compensation retaliation claim demonstrates that his claim is not completely pre-empted by § 301 of the LMRA. *See Boldt*, 904 F.3d at 590 ("The proper starting point for determining whether interpretation of a [CBA] is required … is an examination of the [state-law] claim itself.") (quoting *Trs. of Twin City Bricklayers Fringe Benefit Funds v. Superior Waterproofing, Inc.*, 450 F.3d 324, 331 (8th Cir. 2006)). To prevail on his retaliation claim, Hemmeain must prove that "there was a causal relationship between the filing of his claim and his termination." *Caldwell v. UniFirst Corp.*, 694 S.W.3d 507, 526 (Mo. Ct. App. 2024). "To establish a retaliatory motive in employment discrimination cases, employees may rely on both direct evidence and inferences." *Id.* Whether Hemmeain can establish the causation element of his retaliation claim is clearly a *purely factual question* that does not substantially depend on an analysis of the CBA. *See Humphrey*, 58 F.3d 1238 ("[P]urely factual questions about an employee's conduct or an employer's conduct and motives do not require[e] a court to interpret any term of a collective

7

bargaining agreement.") (internal quotation omitted) (citing *Lingle*, 486 U.S. at 407).  Heartland cannot refashion this factual question into a legal one simply by referencing the specific provisions of the CBA governing discharge.  *See*, *e.g.*, *Superior Waterproofing, Inc.*, 450 F.3d at 330 ("An otherwise independent claim will not be preempted if the CBA need only be consulted during its adjudication."); *Lenway v. Hormel Foods Corp.*, No. 25-CV-3320 (PJS/JFD), 2026 WL 289522, at *3 (D. Minn. Feb. 4, 2026) (noting that just because "a court may need to consult the CBA in fashioning a remedy…[i]t does not result in complete preemption under the LMRA.").

Moreover, the Eighth Circuit has considered and rejected arguments similar to Heartland's in cases concerning the same Missouri workers' compensation statute.  *See Thomas v. DCL Fabrication, Inc.*, No. 4:16-CV-00099-JAR, 2016 WL 3971395, at *3 (E.D. Mo. July 25, 2016) ("[T]he Eighth Circuit has held, on several occasions, that claims of workers' compensation retaliation brought pursuant to Mo. Rev. Stat. § 287.780 are not completely pre-empted by § 301 of the LMRA.") (citing *Meyer*, 163 F.3d at 1050-1052; *Humphrey*, 58 F.3d at 1242-44).  In *Dunn v. Astaris*, *LLC*, the Eighth Circuit specifically addressed the causation element of claims brought under the Missouri workers' compensation statute.  292 F. App'x 525 (8th Cir. 2008) (unpublished per curiam).  The court found that the "question of a causal relationship" turned on "purely factual

questions" about the employer's conduct and motives rather than the scope of the employer's contractual authority. *Id.* at 527. The court also noted that the better approach to LMRA preemption is the "narrower approach…asking only whether the claim itself, regardless of possible defenses, is necessarily grounded in rights established by the CBA[.]" *Id.* Heartland's assertion that there was "just cause" for termination under the CBA does "not create a basis for LMRA preemption. *See id.* (citing *Humphrey*, 58 F.3d at 1244) ("The fact that defendant argues that the incident did, in fact, occur, and that there was 'just cause' under the terms of the CBA for the discipline plaintiff received, does not create a basis for § 301 preemption.").

Because I find that Hemmeain's workers' compensation retaliation claim is not pre-empted under § 301 of the LMRA, § 1445(c) applies and renders Hemmeain's claim non-removable. Hemmeain requests that I remand this matter in its entirety, or, in the alternative, that I sever and remand his Missouri workers' compensation claim and allow for discovery to determine whether diversity jurisdiction exists over his Missouri whistleblower claim. ECF. No. 15 at 5. The Federal Rules of Civil Procedure permit severance and remand of a non-removable claim *when there is federal question jurisdiction over the remaining claim. See* 28 U.S.C. § 1441(c); see also *Carr v. Am. Bottling Co.*, No. 4:21-CV-325 SRW, 2021 WL 1733526, at *3 (E.D. Mo. May 3, 2021) (explaining that "precedents in this

9

circuit have held that under § 1445(c) and the amended § 1441(c), a federal court should sever and remand the workers' compensation claim and retain jurisdiction over the *claims that arise under federal law*.") (emphasis added).

Additionally, district courts in this circuit have found that remand of a case in its entirety is warranted when the court would be exercising diversity jurisdiction over the remaining state law claim(s). *See, e.g.*, *Shadel v. Big Lots Stores, Inc.*, No. 4:20-CV-00904-SRB, 2020 WL 7489762, at *3 (W.D. Mo. Dec. 21, 2020) (finding plaintiff's state law retaliation claim non-removable and determining that "[b]ecause this Court's jurisdiction is based solely on diversity, remand of [p]laintiff's wrongful discharge claim arising under Kansas law is also warranted."); *Dunbar v. Midland States Bancorp, Inc.*, No. 4:23-CV-01394 SEP, 2024 WL 4459343 (E.D. Mo. Oct. 10, 2024) (declining to exercise diversity jurisdiction over plaintiff's claims under the Missouri Human Rights Act and Missouri Whistleblower's Protection Act upon finding § 1445(c) rendered plaintiff's Missouri workers' compensation retaliation claim non-removable). After applying § 1445(c), Hemmeain's only remaining claim arises under Missouri law, not federal law. I therefore do not address the disputed issue of whether Heartland met its burden of establishing diversity jurisdiction in this case.

Finally, Hemmeain requests that I award attorney fees and costs pursuant to 28 U.S.C. § 1447(c). An award of costs and fees is appropriate "only where the

10

removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).  Although I find that subject matter jurisdiction is lacking in this case, Heartland's bases for seeking removal under § 301 of the LMRA and diversity jurisdiction under § 1332 were not objectively unreasonable.

Because I find that Heartland fails to demonstrate that complete pre-emption under § 301 of the LMRA gives this Court subject matter jurisdiction over this case, I will grant Hemmeain's motion to remand to the extent it requests remand of this matter in its entirety to the Circuit Court of St. Charles County, Missouri.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  However, I will deny Hemmeain's motion to the extent it requests I award attorney fees and costs.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff Alphonso Hemmeain's Motion to Remand [13] is **GRANTED in part and DENIED in part.**

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of St. Charles County, Missouri, pursuant to 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED that** Plaintiff Alphonso Hemmeain's request for attorney fees and costs is **DENIED.**

**IT IS FURTHER ORDERED** that the Rule 16 conference set June 18, 2026 for is **VACATED** as moot.

**IT IS FURTHER ORDERED** that the parties shall bear their own costs, expenses, and attorneys' fees incurred by reason of these removal and remand proceedings.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 17th day of June, 2026.